IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN R. DRONEBURG,** | : | CIVIL NO. 1:CV-14-0002 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **SUPERINTENDENT TODD BICKELL,** | : | |
| et al., | : | |
| Respondents | | |

## MEMORANDUM

Petitioner Allen R. Droneburg ("Petitioner"), a state inmate incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, Droneburg challenges his conviction on charges of Rape of a Child by the Court of Common Pleas of Franklin County, Pennsylvania. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On February 24, 2014, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. No. 5). On March 13, 2014, Respondents filed an answer to the petition addressing the timeliness of the petition and a brief in support of the answer. (Doc. Nos. 8, 9.) The relevant time period has expired and Petitioner has not filed a reply to Respondents' filings. After considering the record,

the habeas petition will be dismissed as untimely for the reasons set forth below.

**I.     Background**

On April 27, 2005, Petitioner entered a plea of guilty to one count of Rape of a Child in the Franklin County Court of Common Pleas, Docket Number CP-28-CR-2014-2004. (Doc. No. 8, Ex. 1.)  Prior to sentencing, he filed a Motion to Withdraw Plea.  On October 6, 2005, a hearing was conducted on the motion, and the Franklin County Court rejected the proposed plea agreement.  On February 22, 2006, Petitioner pled guilty to one count of Rape of a Child and was sentenced on July 13, 2006, to a sentence of 15-30 years imprisonment.

On August 10, 2006, an appeal was filed with the Pennsylvania Superior Court.  The Superior Court affirmed the lower court's sentence on March 12, 2007.  A petition for allowance of appeal filed with the Pennsylvania Supreme Court was denied on August 28, 2007.  No further appeal was pursued to the United States Supreme Court.

A petition pursuant to the Post-Conviction Relief Act ("PCRA") was filed on January 30, 2008.  A hearing on the petition was conducted on April 28, 2008.  The PCRA was dismissed on the merits on May 13, 2008.  Petitioner thereafter filed an appeal with the Superior Court.  On July 28, 2009, the Superior Court affirmed the lower court's denial of the PCRA.  A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on February 12, 2010.

On August 11, 2010, Petitioner filed a pro se Motion to Withdraw and Vacate Guilty Plea Nunc Pro Tunc with the Franklin County Court of Common Pleas.  The motion was denied on September 10, 2010. (Doc. No. 8, Ex. 2.)  On September 20, 2010, Petitioner filed a appeal with the Superior Court.  The appeal was dismissed on November 8, 2010, due to Petitioner's failure to file a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517.

On January 9, 2013, Petitioner filed a pro se Motion to Correct Illegal Conviction/Illegal Sentence. The motion was denied by the Franklin County Court of Common Pleas on January 16, 2013 as untimely. (Id., Exs. 3, 4) On January 30, 2013, an appeal was filed with the Superior Court. The Superior Court agreed that the motion was untimely filed and affirmed the judgment of the lower court. (Id., Ex. 5 at 5.) On January 2, 2014, the instant federal habeas corpus petition was filed. The grounds raised include unconstitutional guilty plea, ineffective assistance of defense counsel, biased trial judge, and the denial of due process.

**II.    Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on July 13, 2006.  He filed a direct appeal with the Pennsylvania Superior Court, and the conviction and sentence were affirmed on March 12, 2007.  An appeal to the Pennsylvania Supreme Court was denied on August 28, 2007.  No writ of certiorari was pursued to the United States Supreme Court.  Thus, for purposes of calculating the federal limitations period, the sentence became final ninety (90) days from August 28, 2007, or approximately November 27, 2007, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired.  See Clay v. U.S., 537 U.S. 524-25 (2003)(for purposes of AEDPA one-year limitation period, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari").  The one-year federal limitations period began to run at this time, and was set to expire on November 27, 2008.  However, the Court's analysis does not end here.  Consideration of both statutory and equitable tolling must be undertaken.

      A.     **Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled.  See

Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case began to run on November 27, 2007, and was set to expire on November 27, 2008. However, just over two (2) months into this period, on January 30, 2008, Petitioner filed a timely PCRA petition with the Court of Common Pleas of Franklin County. As such, the statute of limitations became tolled at this point. The Superior Court affirmed the denial of post-conviction relief on July 28, 2009, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on February 12, 2010. Thus, it was at this point that the federal statute of limitations period once again began to run for purposes of filing the instant federal habeas corpus petition.[1] At this point, Petitioner had approximately ten (10) months of the one-year federal limitations period remaining to file his habeas corpus petition, until December 12, 2010.

Although Petitioner did file other requests for collateral relief following the filing of his PCRA petition, they were all untimely and, as such, have no tolling effect. Petitioner's Motion to Withdraw and Vacate Guilty Plea filed on August 11, 2010, and his Motion to Correct Illegal

---

[1] In calculating the federal limitations period, Respondents add ninety (90) days from the date of the Pennsylvania Supreme Court's denial of the petition for allowance of appeal to arrive at the date of May 13, 2010 for the filing by Petitioner of his federal habeas petition in this Court. However, the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations on filing of federal habeas corpus petition. Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539 (3d Cir. 2001).

Conviction/Illegal Sentence filed on January 9, 2013, were both found to be untimely filed by the Pennsylvania courts. As such, the limitations period expired on or about December 12, 2010. The instant federal habeas petition was filed on January 2, 2014, and is clearly untimely.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Petitioner sets forth no viable arguments in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case. While he argues that he just recently discovered that he was found guilty in his underlying criminal action of not only Rape, but also Criminal Conspiracy, neither the record nor the Franklin County criminal docket supports any

such assertion.[2]  For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

## III.     Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order follows.

---

[2] The Court takes judicial notice of the Franklin County criminal docket in Commonwealth of Pennsylvania v. Droneburg, CP-28-CR-0002014-2004. See Wilson v. McVey, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of court docket).